IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN C. BUTTOLPH, | : | |
| Plaintiff, | : | 1:16-cv-0072 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PRIMECARE MEDICAL INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

**January 25, 2016**

Plaintiff Steven C. Buttolph ("Plaintiff" or "Buttolph"), at all relevant times, an inmate incarcerated at the Perry County Prison, New Bloomfield, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants Primecare Medical Inc., Tanya Schisler, and Carl A. Hoffman. (Doc. 1, p. 4). Buttolph seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.   **Standards of Review**

A civil action filed *in forma pauperis* must be dismissed if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant

to FED. R. CIV. P. 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations.  *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  *Oshiver v. Levin, Fishbein, Sedran &*

*Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. Allegations of the Complaint

Buttolph files a "Medical Malpractice and Negligence" claim against Physician's Assistant Tanya Schisler (Schisler"), and Dr, Carl A. Hoffman ("Hoffman"), because of a surgery allegedly performed by Schisler, under the supervision of Hoffman "on 9/29/10, at Perry County Prison in an unsterile environment with unsterile utensils, and using County inmate towels, (used, machine washed), that were not sanitized and had no assistance in case something went wrong, which ultimately led to surgery at Carlisle Regional Center on 1/23/14." (Doc. 1, p. 4). He also alleges a "Medical Malpractice and Negligence" claim against Primecare Medical Inc.,"because they are the employers of Tanya Schisler, P.A.C. (Physician's Assistant Certified), and Carl A. Hoffman, D.O. and are ultimately responsible for all actions or non-actions that their employee's [sic] take." (*Id.*)

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *see also Daniels v. Williams*, 474 U.S. 327, 333-34 (1986) (finding that negligence is not compensable as a Constitutional deprivation). For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). It is well-settled that no claim of deliberate indifference is made out where a significant level of

care has been provided, and all that is shown is that the prisoner disagrees with the professional judgment of a physician, or that a different physician has, in the past, taken a different approach to the prisoner's treatment. *Estelle*, 429 U.S. at 105–06, 107 (finding that "in the medical context, . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); *Parham v. Johnson*, 126 F.3d 454, 458 n. 7 (3d Cir. 1997) (recognizing "well-established law in this and virtually every circuit that actions characterizable as medical malpractice do not rise to the level of 'deliberate indifference' "); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (same).

In accepting the truth of the allegations set forth by Buttolph it is clear that he is attempting only to advance medical malpractice and negligence claims, not Eighth Amendment claims. Because such claims are not properly brought in federal court, Buttolph's complaint will be dismissed without prejudice to his right to pursue his claims in the proper forum.[1]

**IV. Conclusion**

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

---

[1] Because the complaint was filed in the improper forum, affording leave to amend would be futile. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (stating that "[I]n civil rights cases district courts must offer amendment. . . when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

A separate order will enter.